DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERBERT BENEDICT,**
Appellant,

v.

**LETA BENEDICT,**
Appellee.

No. 4D15-90

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Tim Bailey, Judge; L.T. Case No. 07-4313 (41).

Herbert L. Benedict, Otto, North Carolina, pro se.

William G. Crawford, Jr. of McDonald & Crawford, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

In this post-dissolution case, the former wife sought a judgment on alimony arrearages while the former husband's petition to modify alimony was pending. The trial court entered a money judgment, and the former husband, proceeding pro se, appeals from that judgment. On appeal, the former husband argues that the judgment constituted error because the former husband is disabled and unemployed and the former wife's improved financial circumstances obviate her need for support. He does not otherwise challenge the judgment.[1]

The former husband's arguments cannot be entertained in the context of an appeal from the arrearages judgment. The former husband must raise his claims in the trial court during the modification proceedings and he must present evidence in support of his modification petition. Accordingly, we affirm, but without prejudice to the former husband proceeding on his modification petition and then seeking relief from the alimony arrearages judgment if the result of the modification proceeding

---

[1] Even if he did, we would be hard pressed to entertain any challenge to the judgment without a transcript of the hearing.

warrants such relief.[2]

*Affirmed without prejudice.*

C<span>IKLIN</span>, C.J., G<span>ROSS</span> and G<span>ERBER</span>, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The alimony arrearages judgment encompasses payments that became due after the modification petition was filed. Thus, if the trial court ultimately grants the modification petition retroactive to the date of the filing of the petition, the former husband may have grounds for relief from the arrearages judgment pursuant to Florida Rule of Civil Procedure 1.540(b)(5) (providing for relief from a judgment, decree, or order if "the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application").

2